UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br>as Broadcast Licensee of the May 23, 2009<br>UFC 98: Evans/Machida Event,<br><br>*Plaintiff*,<br><br>v.<br><br>1) TIN CUP SPORTS BAR, INC., Individually<br>d/b/a Tin Cup Sports Bar and d/b/a Tin Cup;<br>2) KRISTEN COSBY, Individually and d/b/a<br>Tin Cup Sports Bar and d/ba/ Tin Cup;<br>and<br>3) STEVE COSBY a/ka STEVEN COSBY,<br>Individually and d/b/a Tin Cup Sports Bar<br>and d/b/a Tin Cup,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION 11-01929 |

**MEMORANDUM OPINION, ORDER, AND FINAL JUDGMENT**

Pending before the court is plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand") motion for summary judgment against defendants (1) Tin Cup Sports Bar, Inc., individually and d/b/a Tin Cup Sports Bar and d/b/a Tin Cup; (2) Kristen Cosby, individually and d/b/a Tin Cup Sports Bar and d/b/a Tin Cup; and (3) Steve Cosby a/k/a Steven Cosby, individually and d/b/a Tin Cup Sports Bar and d/b/a Tin Cup (the "defendants"). Dkt. 11.[1]  Upon consideration of the motion, the relevant portion of the record, and the applicable law, plaintiff's motion is GRANTED.

**I. BACKGROUND**

Joe Hand is a marketer of pay-per-view prize fighting events. Dkt. 1. Defendants, Steve

---

[1] None of the defendants responded to plaintiff's motion. Therefore, the motion is treated as unopposed. S.D. Tex. R. 7.4 ("Failure to respond will be taken as a representation of no opposition.")

Cosby and Kristen Cosby, were managers, officers, and owners of defendant Tin Cup Sports Bar, Inc. (the "Establishment"), located at 24501 FM 2100 Rd., Suite A, Huffman, Texas 77336. *Id.*

Joe Hand owned the exclusive right to license the exhibition of the closed circuit telecast of the May 23, 2009 Ultimate Fighting Championship 98: *Rashad Evans v. Lyoto Machida* Event, including the undercard or preliminary bouts (the "Event") to commercial establishments in Texas. Dkt. 11, Ex. A-1. The interstate satellite or cable transmission of the Event was electronically coded or scrambled and not available to, or intended for use by, the general public. *Id.*

On May 23, 2009, an auditor associated with Joe Hand entered the Establishment and observed a portion of the Event being exhibited to at least seventy patrons on seven television sets. *Id.*, Ex. A–2. On May 20, 2011, Joe Hand filed this action, alleging that the defendants violated 47 U.S.C. §§ 553 and 605 of the Federal Communications Act ("FCA") by illegally intercepting the interstate communication of the Event and then exhibiting it to their patrons without paying the licensing fee to Joe Hand. Dkt. 1.

Defendants answered the complaint on June 28, 2011. Dkt. 7. On February 17, 2012, Joe Hand served its first requests for admission to the defendants. Dkt. 11, Ex. C–E. The defendants did not respond to these requests. On May 18, 2012, Joe Hand filed the instant motion for summary judgment, seeking statutory damages, additional damages, a permanent injunction enjoining defendants' further use of unlicensed programs, attorneys' fees, full costs and expenses, and pre- and post-judgment interest pursuant to § 605 of the FCA. Dkt. 11. The defendants also failed to respond to this motion.

## II. LEGAL STANDARD AND ANALYSIS

### 1. Summary Judgment Standard

A timely motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986).

In the usual case, the party who seeks a summary judgment must show by affidavit or other evidentiary materials that there is no genuine dispute as to any fact material to resolution of the motion. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). He must establish the existence or nonexistence of enough of the essential elements of a claim and its related defenses to permit disposition of the claim as a matter of law. *Id.* If the movant bears the burden of proof on an issue, he must establish beyond peradventure *all* of the essential elements of the claims or defenses to warrant judgment in his favor. *Id.* (emphasis in original).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du–Ra–Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

**2. Discussion**

On May 18, 2012, Joe Hand filed the instant motion for summary judgment, asserting that the defendants are liable under 47 U.S.C. §§ 553 and 605 and requesting damages under § 605.

Section 605 of the FCA provides that "[n]o person receiving . . . any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception . . . to any person other than the addressee, his agent, or attorney . . . ." 47 U.S.C. § 605(a). To establish a violation of § 605(a), the plaintiff must establish that the defendants (1) received, assisted in receiving, transmitted, or assisted in transmitting an interstate communication by wire or radio, and (2) broadcast, displayed, or divulged that communication to (3) at least one other person (4) without authorization. *See Entm't by J&J, Inc. v. Al-Waha Enters.*, 219 F. Supp. 2d 769, 773-74 (S.D. Tex. 2002) (citing 47 U.S.C. § 605(a)). In a civil action, once a violation has been established, an aggrieved party may recover statutory damages between $1,000 to $10,000 per violation, and costs and expenses including reasonable attorneys' fees as well. 47 U.S.C. §§ 605(e)(3)(C)(i)(II), 605(e)(3)(B)(iii). Courts are also authorized to grant an injunction pursuant to 47 U.S.C. § 605(e)(3)(B)(I). Additionally, where the violation was willful and committed for commercial

advantage or financial gain, enhanced damages are available up to an additional $100,000. 47 U.S.C. §§ 605(e)(3)(C)(ii); *see also Prostar v. Massachi*, 239 F.3d 669, 674 (5th Cir. 2001). Because § 605 does not provide guidelines to determine the statutory damages, it is thus left to the discretion of the court. *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489 (S.D.N.Y. 1999).

In this case, because the defendants have failed to respond, object, or assert any privilege to Joe Hand's requests for admissions, the requests are deemed admitted. *See* FED. R. CIV. P. 36(a). Accordingly, all defendants have admitted that they did not order the Event from Joe Hand, who owned the exclusive right to license it, and they did not pay the licensing fee necessary to exhibit it. Dkt. 11, Ex. C–E. Defendants also admitted that they intercepted, broadcasted, and showed the Event to approximately seventy patrons on seven television sets in Tin Cup Sports Bar, and that they did this willfully and for financial gain. *Id.* In addition, Joe Hand has attached an affidavit of Hugo Flores, an auditor who observed a portion of the Event being exhibited that night at the Tin Cup Sports Bar. Dkt.11, Ex. A-2. Based on the evidence described above, the court finds that Joe Hand has established a violation of 47 U.S.C. § 605(a), and because defendants did not raise a genuine dispute of material fact as to any element of plaintiff's claim, summary judgment is appropriate.

In its motion, Joe Hand requests that the defendants be found jointly and severally liable for statutory damages in the amount of $10,000.00; additional damages in the amount of $50,000.00; attorneys' fees in the amount of either one-third of the recovery or $4,000.00, including $2,500.00 for collecting the judgment; conditional attorneys' fees related to potential appellate review of the judgment; other costs including filing fees of $350.00, service fees of $195.00, and investigation fees of $575.00; post-judgment interest; and a permanent injunction. The court finds the requested relief

to be reasonable in this case with the exception that attorneys' fees will be awarded in the amount of $1,250.00, and post-judgment interest shall accrue at the rate of 0.19% per annum.

### III. CONCLUSION

In conclusion, the court finds that Joe Hand has proffered sufficient summary judgment evidence to establish a violation of 47 U.S.C. § 605, and the defendants have failed to create a genuine dispute of material fact to preclude the award of summary judgment. Accordingly, Joe Hand's motion for summary judgment is GRANTED and it is AWARDED the following damages from defendants, jointly and severally:

1. Statutory damages in the sum of $10,000.00;

2. Additional damages in the sum of $50,000.00;

3. Attorneys' fees in the sum of $1,250.00;

4. Costs in the sum of $1,120.00;

5. Conditional attorneys' fees in the following circumstances:

    a. Ten thousand dollars ($10,000.00) in the event defendants file a motion to vacate, Rule 60 motion, motion for a new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

    b. Fifteen thousand dollars ($15,000.00) in the event defendants file an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c. Five thousand dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

      d.    Ten thousand dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

      e.    Two thousand dollars ($2,000.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process;

6.    A permanent injunction enjoining defendants from ever intercepting or exhibiting an unauthorized program in violation of the FCA;

7.    Court costs and post-judgment interest on the amounts awarded herein at an annual rate of 0.19 percent from the date of this judgment until paid.

This is a FINAL JUDGMENT.

It is so ORDERED.

Signed at Houston, Texas on June 28, 2012.

                                                Gray H. Miller
                                                United States District Judge